**Bashkim BROJAJ, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 06–2115–ag.

United States Court of Appeals, Second Circuit.

Feb. 22, 2007.

Aleksander Milch, New York, New York, for Petitioner.

Leura G. Canary, United States Attorney for the Middle District of Alabama, R. Randolph Neeley, Assistant United States Attorney, Montgomery, Alabama, for Respondent.

PRESENT: Hon. WALKER, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Bashkim Brojaj, a citizen of Albania, seeks review of the April 24, 2006 order of the BIA affirming the December 1, 2004 decision of Immigration Judge ("IJ") Roxanne Hladylowycz denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bashkim Brojaj*, No. A96 014 423 (B.I.A.

April 24, 2006), *aff'g* No. A96 014 423 (Immig. Ct. N.Y. City Dec. 1, 2004). We assume familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), and we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005).

■ Brojaj challenges the BIA's finding that, assuming his credible testimony, he failed to meet his burden of proof by not providing sufficient corroborating evidence. Here, the BIA correctly applied the standards set forth in *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003), and *Cao He Lin*, 428 F.3d at 406, before determining that Brojaj had failed to corroborate his claim. Substantial evidence supports this decision.

First, after noting that Brojaj's claim of persecution was largely based on his imprisonment and the mistreatment he received while imprisoned, the BIA identified evidence of his time in prison as a "particular piece[ ] of missing, relevant documentation." *Id.* Second, the BIA outlined three reasons why it believed that such documentation was "reasonably available." *Id.* Of these reasons, Brojaj's admission that police gave him a document upon his release from prison, as well as his submis-

sion of certificates—which he testified were easily obtained—from the police department that allegedly fired him for political reasons, suggests that evidence of his imprisonment was available to him. Corroborating evidence relating to Brojaj's imprisonment, a "material fact" that is "central" to his claim, can be reasonably expected by the agency when it is available, as was the case here. *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000) (citation omitted). In addition, given the other documentation submitted, particularly the police department certificates, the significance of Brojaj's failure to provide any documentation evidencing his imprisonment is heightened. *See Poradisova v. Gonzales,* 420 F.3d 70, 79 (2d Cir.2005). At his asylum hearing, Brojaj was asked to explain the absence of these documents. The BIA's rejection of his explanation as insufficient is supported by its findings regarding the availability of the prison documents. *See Diallo,* 232 F.3d at 290.

▆▆▆ Because Brojaj failed to establish past persecution, he was not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). An applicant may establish a claim for asylum solely on the basis of a well-founded fear of future persecution, regardless of the merits of his or her claim of past persecution. *See Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006) (citation omitted). In order to demonstrate that his fear was well-founded, Brojaj bore the burden of establishing, *inter alia,* an objective basis for his fear of future persecution. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir.2004) (citing 8 C.F.R. § 208.13(b)(2)(i)). Although his brief refers to country reports in the record that discuss Albania's generally poor human rights record, Brojaj does not point to any information that would compel a reasonable adjudicator to conclude, contrary to the agency's decision, that his fear of persecution on account of his political opinion was objectively reasonable. *See* 8 U.S.C. § 1252(b)(4)(B).

▆▆ As Brojaj has failed to meet his burden of proof for asylum and as his withholding claim is premised on the same facts, he has *a fortiori* failed to meet the higher burden of proof required for withholding. *See Paul,* 444 F.3d at 156. Furthermore, substantial evidence supports the finding that Brojaj failed to establish that he was more likely than not to be tortured upon his return to Albania. Although an applicant for CAT relief need not demonstrate that torture would be inflicted on account of a protected ground, Brojaj has not alleged any basis for his claim that he would be tortured in Albania. He refers in his brief to generally poor prison conditions in Albania, however he has not provided evidence that someone in his "particular alleged circumstances" is more likely than not to be tortured in that country. *Mu Xiang Lin v. United States Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003). His failure to provide such evidence is not overcome by the BIA's rejection of the IJ's adverse credibility finding. Consequently, Brojaj's CAT claim was properly denied. *See Mu–Xing Wang,* 320 F.3d at 144.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).